# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHURCHILL COUNTY, *et al.*,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
THE INTERIOR, *et al.*,

    Defendants.

Case No. 3:09-cv-00170-LDG (RAM)

**ORDER**

    The Truckee Meadows Water Authority, Pyramid Lake Paiute Indian Tribe, Washoe County Water Conservation District and the City of Fernley each moved to intervene as defendants (## 18, 20, 25, 38). Plaintiffs Churchill County, City of Fallon and the Truckee-Carson Irrigation District opposed the motions (## 24, 29, 40). Defendants United States Department of the Interior, Ken Salazar, United States Bureau of Reclamation, and Michael Conner filed non-oppositions to the motions. This Court heard arguments and, following arguments, instructed the parties that the Court would grant the motions.

    The Moving Parties argue that the court must permit them to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) or, alternatively, that the Court should permit them to intervene pursuant to Rule 24(b)(2).

1    The Ninth Circuit has articulated a four-part test to aid the court in determining when
2  intervention of right is permitted: (1) the motion must be timely; (2) the applicant must claim
3  a 'significantly protectable' interest relating to the property or transaction which is the
4  subject of the action; (3) the applicant must be so situated that the disposition of the action
5  may as a practical matter impair or impede its ability to protect that interest; and (4) the
6  applicant's interest must be inadequately represented by the parties to the action.
7  *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006) (citation
8  omitted).  In the context of a claim alleging violation of the National Environmental Policy
9  Act (NEPA), the Ninth Circuit has articulated a general "rule that the federal government is
10  the only proper defendant. . . ."  *Churchill County v. Babbitt*, 150 F.3d 1072, 1082 (9th Cir.
11  1998), *amended* 158 F.3d 491 (9th Cir. 1998).  A non-federal defendant may intervene of
12  right only in the remedial phase of a NEPA claim.  *Id., Forest Conservation Council v.*
13  *United States Forest Service*, 66 F.3d 1489, 1499 n. 11.
14    In this matter, the plaintiffs allege that the federal defendants violated not only
15  NEPA, but also broadly allege violations of the Administrative Procedure Act as an instance
16  of agency action in that the Truckee River Operating Agreement (TROA) violates the Orr
17  Ditch Decree, the Nevada State Engineer's "58 Percent Rule," the Truckee River
18  Agreement, Public Law 101-618, California law, and a number of Nevada Water Code
19  provisions.  The plaintiffs further allege that the Federal Advisory Committee Act was also
20  violated by the relying on particular negotiating parties to the TROA (some of which, it
21  appears, are seeking to intervene).  The Court readily finds that the Moving Parties meet
22  the four-part test to intervene of right in the remedial phase of this litigation.  Their motions
23  were timely.  The Moving Parties have a significantly protectable interest relating to the
24  TROA, as that negotiated agreement will impact their previously decreed water rights.
25  Congress, through the Truckee-Carson-Pyramid Lake Water Rights Settlement Act, Public
26  Law 101-618, 104 Stat. 3289 (1990) (Settlement Act), provided a means to resolve

outstanding litigation concerning the waters of the Truckee River, and provided for the
negotiation of an operating agreement for the Truckee River.  The Moving Parties have
significantly protectable interests in the use of the waters and the reservoirs of the Truckee
River, which use could be affected by the Plaintiffs' claims.  Indeed, the Moving Parties
have joined in a motion in the *Orr Ditch* litigation to modify the *Orr Ditch Decree* in the effort
to implement the TROA.  As the Moving Parties will lose the benefit of the TROA if
Plaintiffs are successful in their claims, the disposition of this action may, as a practical
matter, impair or impede their ability to protect their interests.  The "burden to show
inadequate representation is minimal: it is sufficient to show that representation *may* be
inadequate."  *Forest Conservation Council*, 66 F.3d at 1498 (emphasis original).  The
federal government does not share the interests of each of the Moving Parties, but has a
duty to represent broader interests.  Each of the Moving Parties has a distinct interest in
the waters affected by the TROA that are not shared with the general public, or even with
each other.  Accordingly, the Court finds that the Moving Parties may intervene of right in
the remedial phase of this litigation.

The Court will also, however, grant the Moving Parties permissive intervention in the
liability phase of this litigation as to all claims brought by the Plaintiffs.  "Under Rule 24(b)
the question is whether the applicants to intervene assert a claim or defense in common
with the main action."  The present litigation is not the only litigation before the Court that
concerns the TROA.  The Moving Parties, as well as the federal government, have moved
or joined in a motion to modify or amend the *Orr Ditch Decree* as part of the effort to
implement the TROA.  The plaintiffs have appeared in the *Orr Ditch Litigation* as
respondents, opposing the modification of the *Orr Ditch Decree.*  To ensure that the Court
will have an opportunity to fully consider all aspects of the litigation concerning the
implementation and validity of the TROA, all parties affected by the TROA should be
permitted to participate in either challenging or defending the TROA.  (Indeed, the Plaintiffs

1  argued as much in the *Orr Ditch Litigation*, successfully moving to require not only that the

2  Motion to Amend the Orr Ditch Decree be served upon all persons or entities with decreed

3  water rights, but that all owners of Orr Ditch decreed water rights be permitted to

4  participate.)  The Moving Parties, including the Tribe and TMWA, have long participated in

5  the litigation and settlement of litigation involving the waters of the Truckee River.  The

6  Plaintiffs have, in their complaint, challenged the participation of at least some of the

7  Moving Parties in the negotiations and process leading to the TROA.  Under these

8  circumstances, the Court finds that the Moving Parties are permitted to intervene in all

9  aspects of this litigation pursuant to Rule 24(b)(2).

10       Accordingly,

11       THE **COURT ORDERS** that the Motions to Intervene (## 18, 20, 25, 38) are

12  GRANTED as stated above.

13

14  DATED this _____ day of December, 2010.

15

16  _____

Lloyd D. George

17  United States District Judge

18

19

20

21

22

23

24

25

26